IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MARCUS BELL, Register No. 174752, )
 )
    Plaintiff, )
 )
    v. ) No. 06-4144-CV-C-SOW
 )
BEN WILSON, Investigator, et al., )
 )
    Defendants. )

## ORDER

On August 17, 2006, the United States Magistrate Judge recommended dismissing plaintiff's claims, challenging a conduct violation he received and his assignment to administrative segregation, for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §1915A. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on September 1, 2006. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Plaintiff's claims fail to allege a violation of due process because he has no liberty interest in the procedures used to determine his confinement or in his assignment to administrative segregation. In <u>Sandin v. Connor</u>, 515 U.S. 472 (1995), the Court reaffirmed the principle that the Due Process Clause does not protect every change in confinement having a substantial adverse impact on the prisoner. The Court held that absent a state statute conferring a liberty interest, inmates have no liberty interest in a change of confinement unless the change results in an atypical, significant deprivation. <u>Id.</u> Segregated confinement does not normally present a "dramatic departure from the basic conditions" of prison life. <u>Id.</u> Plaintiff's claims that he was assigned to segregation fail to allege that such assignment resulted in an atypical and significant deprivation.

Moreover, plaintiff's claims challenging the procedures used in the issuance of the conduct violation against him and alleging that such violation was falsely issued, fail to set forth a liberty interest protected by due process. There is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations. Id. (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state law procedural requirements."). Rather, any liberty interest a prisoner has must be in the nature of his confinement, and not in the procedures used to determine his confinement. Id.

Plaintiff's claims with regard to the loss of his parole release date also fail to identify a liberty interest protected by due process. The Supreme Court held in Greenholtz v. Inmates of Nebraska Penal & Corrections, 442 U.S. 1, 9-11 (1979), that an inmate does not have a constitutionally-protected liberty interest in the possibility of parole. Additionally, the United States Court of Appeals for the Eighth Circuit Court and Missouri state courts have held that Missouri parole statutes create no liberty interest in parole. Adams v. Agniel, 405 F.3d 643, 645 (8th Cir. 2005). Therefore, a Missouri prisoner's allegations challenging denial of parole do not state a claim under 42 U.S.C. § 1983. Id.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Magistrate Judge's August 17, 2006 Report and Recommendation is adopted [7]. It is further

ORDERED that plaintiff's claims are dismissed, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: September 22, 2006